IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-03400-STV

JANE ROE,

    Plaintiff,

v.

COLORADO JUSTICE DEPARTMENT, a division of the state of Colorado;
BRIAN BOATRIGHT, individually, and in his official capacity as a Chief Judge of the Colorado Supreme Court;
BYRON LARGE, individually, and in his capacity as a Presiding Disciplinary Judge of the Colorado Supreme Court;
JESSICA YATES, individually, and in her official capacity as Attorney Regulation Counsel of the Colorado Supreme Court;
JACOB VOS, individually, and in his official capacity as Assistant Regulatory Counsel of the Colorado Supreme Court;
RHONDA WHITE MITCHELL, individually, and in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court; and
CHERYL STEVENS, individually, and in her official capacity as Clerk of the Colorado Supreme Court,

    Defendant(s).

**Response to Motion to Strike [ECF No. 34]**

Plaintiff Roe filed a Motion for Leave to Restrict [ECF No. 5], seeking to proceed pseudonymously. The Colorado Freedom of Information Coalition and Eugene Volokh timely objected [ECF No. 10] to that motion under D.C.COLO.LCivR 7.2(d). The Magistrate Judge agreed with the Coalition and Volokh [ECF No. 29].

Roe filed an Objection [ECF No. 32] to the Magistrate Judge's Order. The Coalition and Volokh then filed a Response (as instructed by the Clerk's Office, in the parallel case created by the Clerk's Office, ECF No. 2, *In re: Volokh*, No. 1:25-mc-00004 (D. Colo. May 1, 2025)).

1

1. The Coalition and Volokh believe such a response is authorized. The Advisory Committee Notes to Rule 72(a) provide, "It also is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling." Courts follow suit, *see, e.g., Holick v. Burkhart*, No. 16-1188-JWB-KGG, 2018 WL 4052154, at *4 (D. Kan. Aug. 24, 2018):

> Federal Rule of Civil Procedure 72(a), which governs here, authorizes the filing of objections to a magistrate judge's ruling on nondispositive matters. The drafters added that "[i]t is also contemplated that a party who is successful before the magistrate judge will be afforded an opportunity to respond to [the] objections." Fed. R. Civ. P. 72, 1983 Advisory Committee Notes.

*See also Sierra Club v. U.S. Fish & Wildlife Serv.*, No. 2:20-CV-13-SPC-NPM, 2022 WL 10481744, at *1 (M.D. Fla. Oct. 18, 2022).

Likewise, decisions of this Court have concluded that "Rule 72(a) provides for the filing of objections and a response thereto." *McEachern v. Midland Credit Mgmt., Inc.*, No. 23-CV-01209-REB-STV, 2024 WL 4836255, at *1 n.2 (D. Colo. Apr. 26, 2024); *Hellen v. Am. Fam. Ins. Co.*, No. 22-CV-02717-REB-SBP, 2024 WL 3634939, at *1 (D. Colo. Feb. 21, 2024). A Judge of this Court has noted similarly in his practice standards, "In order to provide a parallel opportunity to respond to an objection as is provided under Rule 72(b), parties may file a response to an objection made under Rule 72(a) within 14 days after being served with a copy of the objection." William J. Martinez, *Practice Standards* (Dec. 1, 2022), http://www.cod.uscourts.gov/Portals/0/Documents/Judges/WJM/WJM_Practice_Standards.pdf. (The Coalition and Volokh informed Roe of most of these authorities in an e-mail sent the evening before her Motion to Strike was filed, *see* Exh. 1.)

This having been said, in the event that this Court believes that the Coalition and Volokh needed to move for leave to file their response to Roe's objection to the Magistrate Judge's decision, the Coalition and Volokh are filing such a motion at the same time as this response to the motion to strike.

2. The Coalition and Volokh are also the proper entities to file such a response. D.C.COLO.LCivR 7.2(d) authorized them to object to Roe's initial Motion for Leave to Restrict, even without any formal intervention. They prevailed in defending their right of access to court records before the Magistrate Judge. *See Doe v. Vail Resorts, Inc.*, No. 18-CV-00197-MEH, 2018 WL 11615589, at *1 (D. Colo. Apr. 10, 2018) (recognizing that allowing a plaintiff to proceed under a pseudonym implicates the "common-law right of access to judicial records"); *United Fin. Cas. Co. v. R.A.E., Inc.*, No. CV 20-2467-KHV, 2020 WL 6117895, at *1 (D. Kan. Oct. 16, 2020) (likewise). It stands to reason that they should likewise be able to defend the Magistrate Judge's decision, which their Objection prompted, when it is appealed under Rule 72(a).

3. The Magistrate Judge was also correct when it concluded that LCivR 7.2(d) expressly authorized Coalition and Volokh to respond to Roe's Motion for Leave to Restrict. Order [ECF No. 29] at 5. In her motion, plaintiff asked "that the anonymity of the Plaintiff apply to all further proceedings in the case" (ECF No. 5, at 2); LCivR 7.2(d) applies to all such motions. And this Court has routinely recognized that LCivR 7.2 applies to requests to pseudonymity. *See, e.g.*, *D.B.U. v. Trump*, No. 1:25-CV-01163-CNS, 2025 WL 1101149, at *1 (D. Colo. Apr. 14, 2025) ("Federal Rule of Civil Procedure 10(a) governs pleadings and parties' names, mandating generally that pleadings contain the names of parties. However, parties may be pseudonymized under certain circumstances. *See, e.g., Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000);

3

D.C.COLO.LCivR 7.2."); *Doe v. Willis*, No. 23-CV-02171-REB-SBP, 2023 WL 6903016, at *1 (D. Colo. Sept. 22, 2023) ("Plaintiff filed a motion to proceed under a pseudonym . . . . The time for objections has passed and no objections have been filed. See D.C.COLO.LCivR 7.2(d).").

Indeed, this Court has expressly considered objections to pseudonymity raised by members of the public under LCivR 7.2(d) (as it happens, both objections had been raised by Volokh). *Doe v. Roe*, No. 23-CV-01149-NYW-KLM, 2023 WL 4562543, at *1, at *4 (D. Colo. July 17, 2023); *Doe v. Regents of Univ. of Colorado*, 603 F. Supp. 3d 1014, 1016 (D. Colo. 2022). And this simply reflects the broad principle that pseudonymity, like sealing, implicates the right of public access to court records, which LCivR 7.2 presumptively protects. *See, e.g.*, *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022); *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020).

For these reasons, the Coalition and Volokh ask this Court not to strike their response to Roe's objection.

        Respectfully Submitted,

        s/ <u>Eugene Volokh</u>
        *Counsel for Objectors*
        Hoover Institution, Stanford University
        434 Galvez Mall
        Stanford, CA 94305
        (650) 721-5092
        volokh@stanford.edu
        (Affiliation listed for addressing and identification purposes only)

May 3, 2025

## Certificate of Service

I hereby certify that on May 3, 2025, I electronically filed this Response to Motion to Strike with the Clerk of Court using the CM/ECF system. I have also e-mailed a copy to jane.roeWY@icloud.com, the e-mail address Roe gives in her Motion for Appointment of Counsel (ECF No. 9).

s/ Eugene Volokh
*Counsel for Objectors*

5

**Exhibit 1: E-Mail from Coalition and Volokh to Roe**

# Eugene Volokh

| | |
|---|---|
| **From:** | Eugene Volokh |
| **Sent:** | Thursday, May 1, 2025 9:49 PM |
| **To:** | Jane Roe |
| **Subject:** | RE: Service copy re: Activity in Case 1:25-mc-00004-STV In re: Volokh et al Notice (Other) |

1.  I know better than to argue with the Clerk's Office about how to electronically file documents.

2.  The Comments to Rule 72(a) provide, "It also is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling."  "Federal Rule of Civil Procedure 72(a), which governs here, authorizes the filing of objections to a magistrate judge's ruling on nondispositive matters.  The drafters added that '[i]t is also contemplated that a party who is successful before the magistrate judge will be afforded an opportunity to respond to [the] objections.' Fed. R. Civ. P. 72, 1983 Advisory Committee Notes."  *Holick v. Burkhart*, No. 16-1188-JWB-KGG, 2018 WL 4052154, *4 (D. Kan. Aug. 24, 2018).  As interpreted in the District, "Rule 72(a) provides for the filing of objections and a response thereto," *McEachern v. Midland Credit Mgmt., Inc.*, No. 23-CV-01209-REB-STV, 2024 WL 4836255, *1 n.2 (D. Colo. Apr. 26, 2024); *Hellen v. Am. Fam. Ins. Co.*, No. 22-CV-02717-REB-SBP, 2024 WL 3634939, *1 (D. Colo. Feb. 21, 2024).  "In order to provide a parallel opportunity to respond to an objection as is provided under Rule 72(b), parties may file a response to an objection made under Rule 72(a) within 14 days after being served with a copy of the objection."  Judge Martinez's Practice Standards, http://www.cod.uscourts.gov/Portals/0/Documents/Judges/WJM/WJM_Practice_Standards.pdf .

This having been said, I'm happy to file a motion for leave to file the response, and see whether the Court agrees with my analysis or not.  (See, e.g., https://www.courtlistener.com/docket/16646755/keybank-national-association-v-williams/#entry-149 [order granting such an opposed motion]; https://www.courtlistener.com/docket/6452809/magicall-inc-v-advanced-energy-industries-inc/?page=3#entry-359 [likewise].)  You would naturally then have an opportunity to respond to our motion in turn, if you thought it worthwhile.

As you've noted, the rules require me to make "good faith efforts to confer with" you "to resolve any disputed matter," which is why I'm emailing.  Please let me know your thinking on the matter; I think I have a sense of it from our earlier exchange, but now that the specifics of my proposed motion are on the table, I think I'm obligated to discuss it further with you.

Eugene Volokh

---

**From:** Jane Roe <jane.roewy@icloud.com>
**Sent:** Thursday, May 1, 2025 4:45 PM
**To:** Eugene Volokh <volokh@stanford.edu>
**Subject:** Re: Service copy re: Activity in Case 1:25-mc-00004-STV In re: Volokh et al Notice (Other)

Mr. Volokh

Thank you for your response.  I was asking for a specific citation to authority to confer with you to see what you had to say relative to your Rule 11 obligations.  Thank you for confirming my suspicion that you did not comply with those obligations as to standing and whether you could file as a non-party.

I do not know whether the clerk to whom you spoke is an attorney, but you are.  Do you agree that relying on a clerk's instructions does not satisfy an attorneys'  independent obligations under Rule 11?

> On May 1, 2025, at 5:38 PM, Eugene Volokh <volokh@stanford.edu> wrote:
>
> Ms. Roe:  I think our filings speak for themselves, and I don't think any further e-mail exchange on this would be helpful.
>
> Naturally, if you believe our actions are procedurally improper, you may use whatever vehicles you think are available for arguing the matter to the court.
>
> Eugene Volokh
>
> ---
>
> **From:** Jane Roe <jane.roewy@icloud.com>
> **Sent:** Thursday, May 1, 2025 4:25 PM
> **To:** Eugene Volokh <volokh@stanford.edu>
> **Subject:** Re: Service copy re: Activity in Case 1:25-mc-00004-STV In re: Volokh et al Notice (Other)
>
> Dear Mr. Volokh
>
> Which provision of the Fed.R.Civ.P. or the Local Rules--or any other authority--allows a non-party to file into  my case, or create a related case in order to file something that you cannot file into my case because  you are not a party and lack standing?  Rule 12? Rule 72?  Any provision at all of the Federal Rules?

2

Please provide the citation to authority for your filing. I am not aware of any, especially not of any provision that authorizes a filing because the clerk's office instructed you to file it in a related case.

And, why don't you represent me on a pro bono basis since you are so personally interested in the issues in this case?

> On May 1, 2025, at 5:18 PM, Eugene Volokh <volokh@stanford.edu> wrote:
>
> The filing, as you can see, refers to No. 1:24-cv-03400-STV; I was instructed by the Clerk's Office to file it in No. 1:25-mc-00004-STV, but it relates to that other case (just as the initial objection filed in 1:25-mc-00004-STV relates to that case). I believe the objectors, whom I represent, are entitled to respond to your Rule 72 objection, in order to defend the Magistrate Judge's decision accepting our arguments against your motion to proceed pseudonymously. We therefore will not withdraw the filing.
>
> Eugene Volokh
>
> Counsel for Objectors Colorado Freedom of Information Coalition and Eugene Volokh
>
> ---
>
> **From:** Jane Roe <jane.roewy@icloud.com>
> **Sent:** Thursday, May 1, 2025 4:04 PM
> **To:** Eugene Volokh <volokh@stanford.edu>
> **Subject:** Re: Service copy re: Activity in Case 1:25-mc-00004-STV In re: Volokh et al Notice (Other)
>
> Mr. Volokh
>
> I am not a party to this action, and you do not have standing to file a response to my Rule 72 objection in this or the case. What is this? Please withdraw the filing

3

On May 1, 2025, at 4:45 PM, Eugene Volokh <volokh@stanford.edu> wrote:

**From:** COD_ENotice@cod.uscourts.gov <COD_ENotice@cod.uscourts.gov>
**Sent:** Thursday, May 1, 2025 3:44 PM
**To:** COD_ENotice@cod.uscourts.gov
**Subject:** Activity in Case 1:25-mc-00004-STV In re: Volokh et al Notice (Other)

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court - District of Colorado

District of Colorado

**Notice of Electronic Filing**

The following transaction was entered by Volokh, Eugene on 5/1/2025 at 4:43 PM MDT and filed on 5/1/2025

| | |
|---|---|
| **Case Name:** | In re: Volokh et al |
| **Case Number:** | 1:25-mc-00004-STV |
| **Filer:** | Eugene Volokh |

4

Colorado Freedom of Information Coalition

**Document Number:** 2

**Docket Text:**

**NOTICE *No. 1:24-cv-03400-STV, response to ECF No. 32* by Defendants Eugene Volokh, Colorado Freedom of Information Coalition (Volokh, Eugene)**

**1:25-mc-00004-STV Notice has been electronically mailed to:**

Eugene Volokh    volokh@stanford.edu, eugenevolokh@recap.email

**1:25-mc-00004-STV Notice has been mailed by the filer to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document

**Original filename:** n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1071006659 [Date=5/1/2025] [FileNumber=10244387-0

] [7d51b5648d71cb15f4ff9f87e5cfe424b13b98dda4b04808e2f44fe32129057074e

e7d469c0859e438892f6978422dfbbe2a6bd0dd81e86058373295f09bc0e8]]

5