IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-03400-STV

JANE ROE,

    Plaintiff,

v.

COLORADO JUSTICE DEPARTMENT, a division of the state of Colorado;
BRIAN BOATRIGHT, individually, and in his official capacity as a Chief Judge of the Colorado Supreme Court;
BYRON LARGE, individually, and in his capacity as a Presiding Disciplinary Judge of the Colorado Supreme Court;
JESSICA YATES, individually, and in her official capacity as Attorney Regulation Counsel of the Colorado Supreme Court;
JACOB VOS, individually, and in his official capacity as Assistant Regulatory Counsel of the Colorado Supreme Court;
RHONDA WHITE MITCHELL, individually, and in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court; and
CHERYL STEVENS, individually, and in her official capacity as Clerk of the Colorado Supreme Court,

    Defendant(s).

**Motion for Leave to File Response to Objection to Magistrate Judge's Order on Motion to Proceed Under Pseudonym**

    Plaintiff Roe filed a Motion for Leave to Restrict [ECF No. 5], seeking to proceed pseudonymously. The Colorado Freedom of Information Coalition and Eugene Volokh timely objected [ECF No. 10] to that motion under D.C.COLO.LCivR 7.2(d). The Magistrate Judge agreed with the Coalition and Volokh [ECF No. 29].

Roe filed an Objection [ECF No. 32] to the Magistrate Judge's Order. The Coalition and Volokh then filed a Response (as instructed by the Clerk's Office, in the parallel case created by the Clerk's Office, ECF No. 2, *In re: Volokh*, No. 1:25-mc-00004 (D. Colo. May 1, 2025)).

In the event that this Court concludes such a response is not authorized by Rule 72(a) itself, the Coalition and Volokh move for leave to file the response.[1]

1. The Advisory Committee Notes to Rule 72(a) provide, "It also is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling." Courts follow suit, *see, e.g., Holick v. Burkhart*, No. 16-1188-JWB-KGG, 2018 WL 4052154, at *4 (D. Kan. Aug. 24, 2018):

> Federal Rule of Civil Procedure 72(a), which governs here, authorizes the filing of objections to a magistrate judge's ruling on nondispositive matters. The drafters added that "[i]t is also contemplated that a party who is successful before the magistrate judge will be afforded an opportunity to respond to [the] objections." Fed. R. Civ. P. 72, 1983 Advisory Committee Notes.

*See also Sierra Club v. U.S. Fish & Wildlife Serv.*, No. 2:20-CV-13-SPC-NPM, 2022 WL 10481744, at *1 (M.D. Fla. Oct. 18, 2022).

Likewise, decisions of this Court have concluded that "Rule 72(a) provides for the filing of objections and a response thereto." *McEachern v. Midland Credit Mgmt., Inc.*, No. 23-CV-01209-REB-STV, 2024 WL 4836255, at *1 n.2 (D. Colo. Apr. 26, 2024); *Hellen v. Am. Fam. Ins. Co.*, No. 22-CV-02717-REB-SBP, 2024 WL 3634939, at *1 (D. Colo. Feb. 21, 2024). A Judge of this Court has noted similarly in his practice standards, "In order to provide a parallel opportunity to

---

[1] Volokh e-mailed Roe the night before she filed her Motion to Strike, seeking to confer as per D.C.Colo.LCivR 7.1(a), about this motion. He also e-mailed her to follow up the morning that she filed her Motion to Strike. Given that he has not received a response, and given Roe's position in her Motion to Strike, Volokh assumes that Roe opposes this motion, and that further attempts to confer would be futile.

respond to an objection as is provided under Rule 72(b), parties may file a response to an objection made under Rule 72(a) within 14 days after being served with a copy of the objection." William J. Martinez, *Practice Standards* (Dec. 1, 2022), http://www.cod.uscourts.gov/Portals/0/Documents/Judges/WJM/WJM_Practice_Standards.pdf.

As these authorities implicitly recognize, both fairness and the sound administration of justice are served when those who prevailed before a Magistrate Judge may set forth their arguments, responding to the arguments of those who challenge the Magistrate Judge's decision. And this Court has indeed granted such motions, including opposed motions. *See, e.g.*, Order, *KeyBank Nat'l Ass'n v. Williams*, No. 1:19-cv-03714 (D. Colo. Aug. 4, 2021) [ECF No. 149], https://www.courtlistener.com/docket/16646755/keybank-national-association-v-williams/#entry-149; Order, *MAGicALL, Inc. v. Advanced Energy Industries, Inc.*, No. 1:17-cv-02582 (D. Colo. Mar. 16, 2022) [ECF No. 359], https://www.courtlistener.com/docket/6452809/magicall-inc-v-advanced-energy-industries-inc/?page=3#entry-359.

2. Moreover, the Coalition and Volokh are also the proper entities to file such a response. D.C.COLO.LCivR 7.2(d) authorized them to object to Roe's initial Motion for Leave to Restrict, even without any formal intervention. They prevailed in defending their right of access to court records before the Magistrate Judge. *See Doe v. Vail Resorts, Inc.*, No. 18-CV-00197-MEH, 2018 WL 11615589, at *1 (D. Colo. Apr. 10, 2018) (recognizing that allowing a plaintiff to proceed under a pseudonym implicates the "common-law right of access to judicial records"); *United Fin. Cas. Co. v. R.A.E., Inc.*, No. CV 20-2467-KHV, 2020 WL 6117895, at *1 (D. Kan. Oct. 16, 2020) (likewise). It stands to reason that they should likewise be able to defend the Magistrate Judge's decision, which their Objection prompted, when it is appealed under Rule 72(a).

For these reasons, Coalition and Volokh ask this Court to allow them to file the attached response to Roe's objection, or to accept the already filed response (which is identical).

Respectfully Submitted,

s/ Eugene Volokh
*Counsel for Objectors*
Hoover Institution, Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
(Affiliation listed for addressing and identification purposes only)

May 3, 2025

### Certificate of Service

I hereby certify that on May 3, 2025, I electronically filed this Motion with the Clerk of Court using the CM/ECF system. I have also e-mailed a copy to jane.roeWY@icloud.com, the e-mail address Roe gives in her Motion for Appointment of Counsel (ECF No. 9).

s/ Eugene Volokh
*Counsel for Objectors*